Shauck, J.
The indictment was found under section 6915, Revised Statutes: “Whoever, being a county commissioner, is guilty of any misconduct in office, shall he fined not more than $400.00, and shall forfeit his office.”
The alleged misconduct of the defendants consisted of the violation of section 2834b, which, omitting irrelevant portions thereof, is as follows:
*425 “The commissioners of any county * * * shall enter into no contract, agreement or obligation involving the expenditure of money * * * unless the auditor * * * shall first certify that the money required for the payment of such obligation or appropriation is in the treasury to the credit of the fund from which it is to be drawn, or has been levied and placed on the duplicate, and in process of collection and not appropriated for any other purpose; which certificate shall be filed and immediately recorded, and the 'sums so certified shall not thereafter be considered unappropriated until the county * * * is fully discharged from the contract, agreement or obligation * * * and all contracts, agreements or. obligations * * * en_ tered into * * * contrary to the provisions of this section shall be void.”
Much of the argument advanced in support of the exceptions is answered by the familiar proposition that in this state there are no crimes except those which are created by statute; and much that is urged as authority must, for that reason, be regarded as inapplicable here.
There is also a vigorous insistence that the rulings below involve a denial of the maxim, ignorance of the law excuses no one. This is so peculiarly a maxim of the criminal law that its application to other departments of the law has been sometimes denied. • In all criminal cases to which it properly applies it has the conclusive effect which counsel claims for it. It would be entitled to that effect in the present case if the defendants were seeking-immunity from punishment because of their ignorance of the provisions of the section under which the indictment was found; They do not, however, claim *426 that they were ignorant of the statute providing that they should pay a fine and forfeit their offices if they should be guilty of misconduct in office. The view urged in their behalf is that being ignorant of the provisions of the section of. the statute regulating the performance of their duties in the making of contracts which involved the expenditure of money, they could not have disregarded its provisions wilfully, and as they received no benefit from their act, they did not disregard the statute corruptly; and, therefore, that they were not guilty of “misconduct in office” within the meaning of that phrase as it is used in the section of the statute under which the indictment was found.
Whether the judge of the court of common pleas in the instructions given and in refusing instructions requested by counsel for the state erred to the prejudice of the state in defining that phrase is the only question for determination. Since the disregard of the requirements of section 28346 is urged as misconduct in office, whether the disregard was wilful and corrupt or not, it will be helpful to observe that the section itself defines the consequence of its violation to be that the contract so made shall be void. Certainly it will not exceed the legitimate force of this provision to say that the violation of this section cannot be regarded as within the contemplation of section 6915 in any view which would not include all of the numerous statutory provisions relating to the duties of these officers, whatever may be their relative importance. Nor does it seem that any discrimination is practicable whereby, if knowledge of the existence of these numerous provisions is required, their correct-interpretation could be excused, however obscure they may be. These suggestions *427 make apparent the magnitude of the undertaking to maintain the proposition that conduct which is neither wilful nor corrupt may he misconduct in office within the contemplation of a criminal statute. Even in civil actions the contrary rule has been held by this court. In Stewart v. Southard, 17 Ohio, 402, it was said:
‘ ‘ This is in the nature of an action for misbehavior by a public officer in the discharge of his duty. The acts complained of are not charged to have been done wilfully or maliciously. The most that can be made of the averments of the declaration when tried upon a demurrer is, that the plaintiffs in error, while acting in their corporate capacities as directors of a school district, misjudged the law and acted erroneously. ‘There is no instance of an action of this sort maintained, for an act arising merely from an error of judgment.’ Harman v. Tappenden, 1 East, 555. In Ramsey v. Riley, 13 Ohio, 157, this court held that an officer acting within the scope of his duty is only responsible for an injury resulting from a corrupt motive. These principles are clearly applicable, and must be conclusive of the merits of this declaration, unless we should depart from them. "We are not inclined to do so unless required by the authority of our own decisions.”
Our attention has not been called to a better definition of the phrase in question than the following: “Any unlawful misbehavior in relation to the duties of an office, wilful in its character.” To the suggestion that the view taken by the judge of the court of common pleas offers these officers an easy and safe mode of evading their statutory duties, little attention need be given. It is answered in nearly every case in which a court declines to exercise legis *428 lative power by arbitrarily enlarging tbe definitions of terms wbicb tbe legislature bas employed.

Exceptions overruled.

Spear, C. . J., Davis, Crew and Summers, JJ., concur.